Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 14-2000

SEBASTIAN CHITIC REN,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,*

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION
APPEALS

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Hans J. Bremer and Bremer Law & Associates, LLC on brief for
petitioner.

Benjamin C. Mizer, Acting Assistant Attorney General, Civil
Division, Mary Jane Candaux, Assistant Director, Office of
Immigration Litigation, and Aimee J. Carmichael, Trial Attorney,
Office of Immigration Litigation, United States Department of
Justice, on brief for respondent.

August 25, 2015

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Attorney General Loretta E. Lynch has been substituted for former
Attorney General Eric H. Holder, Jr., as the respondent.

**BARRON**, **Circuit Judge**.  The petitioner, Sebastian Chitic Ren, is a Guatemalan citizen who entered the United States in 1995. In 2014, the Board of Immigration Appeals affirmed an Immigration Judge's order removing Chitic from the United States for attempting to obtain a more favorable immigration status by fraud.  The Board of Immigration Appeals also denied Chitic's request for cancellation of removal because it found that Chitic was ineligible for such relief.  Chitic petitions for review, making three arguments against the Board of Immigration Appeals's decision.  We reject each of Chitic's arguments and deny the petition for review.

**I.**

Chitic argues that the Immigration Judge violated Chitic's due process rights when the Immigration Judge continued Chitic's first removal hearing.  To support that argument, Chitic asserts that the government failed to offer any evidence that he was removable at that first hearing, and that due process therefore required that the Immigration Judge terminate the proceedings against him rather than continue them.  But even assuming there is any force to the doubtful argument that the government should be so limited in developing its evidence, "an alien must show prejudice in order to succeed on a due process claim." Santosa v. Mukasey, 528 F.3d 88, 94 (1st Cir. 2008).  And here Chitic clearly cannot.

The record makes clear that the Immigration Judge granted the continuance for Chitic's own benefit. At Chitic's first removal hearing, the government sought to admit a report written by an immigration officer which claimed that Chitic had confessed to submitting a fraudulent application for Temporary Protected Status.[1] By statute, "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . a visa, other documentation . . . or other benefit provided under" federal immigration law is removable.[2] 8 U.S.C. § 1182(a)(6)(C)(i). Chitic objected to the admission of that report, however, contending that there was reason to doubt the accuracy of the author's account and that Chitic should be given an opportunity to cross-examine him.

In response to the objection, the Immigration Judge allowed Chitic to testify and try to make a showing that there was a problem with the report. But, after hearing Chitic's testimony,

---

[1] Temporary Protected Status is a form of relief from removal available to citizens of certain designated foreign countries. See generally 8 U.S.C. § 1254a. At the time of Chitic's application, citizens of El Salvador were eligible for Temporary Protected Status, but Guatemalan citizens like Chitic were not. The government charged that Chitic had falsely claimed to be a citizen of El Salvador in an effort to obtain Temporary Protected Status despite not being entitled to it.

[2] Chitic does not deny that Temporary Protected Status constitutes either "other documentation" or an "other benefit" under federal immigration law within the meaning of § 1182(a)(6)(c)(i).

the Immigration Judge explained that he still believed that "the weight of the evidence is that fraud was committed" by Chitic. The Immigration Judge emphasized that he did not "for one moment believe" Chitic that the report was incorrect. Nonetheless, the Immigration Judge decided to continue the proceedings so that he could "nail this down to see, determine who's credible and who's not here." Thus, the Immigration Judge ordered the continuance so that Chitic could cross-examine the officer who wrote the report, as Chitic had asked to do.

Given this record, the continuance clearly did not harm Chitic. The continuance increased his opportunity to challenge the basis for his removal. And while Chitic does contend that the continuance gave the government a second chance it should not have had to prove Chitic removable on the separate charge that he had entered without inspection, Chitic was not ordered removed for entering without inspection. He was ordered removed for his fraudulent Temporary Protected Status application. The removal order was thus based on the report that the continuance allowed Chitic more of an opportunity to challenge. Chitic's due process argument must therefore fail.

## II.

Chitic next argues that the Board of Immigration Appeals erred in finding him removable based on the allegedly fraudulent

Temporary Protected Status application.[3] The Board of Immigration Appeals found that "the record contain[ed] clear and convincing evidence that [Chitic] misrepresented that he was a citizen of El Salvador in order to obtain Temporary Protected Status." We review the Board of Immigration Appeals's factual finding that Chitic had committed fraud for substantial evidence. See Budiono v. Mukasey, 548 F.3d 44, 48 (1st Cir. 2008).

The Board of Immigration Appeals relied for its fraud finding on multiple immigration forms that Chitic signed and that related to Temporary Protected Status. Those forms claimed that Chitic was a Salvadoran citizen even though he was not. And the Board of Immigration Appeals explained that although Chitic disclaimed knowledge of the contents of some of those forms, he admitted that he knew at least one of them -- what the Board called an "appeal letter" -- contained the false citizenship claim when he signed it.

Chitic challenges the Board's finding solely by pointing to some contrary evidence in the record, including his own testimony that he was unaware of the contents of some of the forms when he signed them. But even Chitic admits in his brief to this

_____

[3] Chitic also argues that the Immigration Judge erred in finding him removable for having entered the United States without inspection. But the Board of Immigration Appeals relied solely on the fraud ground in finding Chitic removable. For that reason, we address only the fraud ground.

Court that he testified, regarding the appeal letter, that "he needed his work permit so he signed it, knowing that it said he was Salvadoran." That direct admission of fraud in pursuit of an immigration benefit provides substantial evidence to sustain the Board's finding that Chitic was removable for fraud under 8 U.S.C. § 1182(a)(6)(C)(i).

### III.

Finally, Chitic argues that the Board of Immigration Appeals erred when it found him ineligible for a form of relief known as cancellation of removal. See id. § 1229b(b)(1)(A)-(D). Chitic had the burden of proving his eligibility for that form of relief. See id. § 1229a(c)(4)(A). Chitic's own testimony, however, suggested that he had entered the United States on a crewman's visa, which would have made him ineligible for cancellation of removal. See id. § 1229b(c)(1). The Board of Immigration Appeals agreed with the Immigration Judge that, because "it appear[ed] that [Chitic] entered the United States as an alien crewman," Chitic had failed to meet his burden of showing he was eligible for cancellation of removal.

Chitic argues that what he calls the Board's "finding" that he entered on a crewman's visa conflicts with the Immigration Judge's separate finding -- which the Board of Immigration Appeals did not address -- that Chitic was removable for having entered the country without inspection. As Chitic points out, an alien

who entered the United States without inspection would, by definition, not have entered on a crewman's visa. And, in consequence of that claimed conflict, Chitic asserts that the Board's decision "def[ies] logic" and should be reversed for that reason.

But the Immigration Judge and the Board of Immigration Appeals did not "find" that Chitic entered the United States on a crewman's visa. A fair reading of the record shows that the Immigration Judge and the Board found only that, because it "appeared" that Chitic had entered on a crewman's visa, Chitic had not met his burden of proving his eligibility for cancellation of removal.[4] And that finding was wholly consistent with the Immigration Judge's separate finding that, because Chitic's means of entry was unclear (in part "because of [Chitic's] inconsistent statements" concerning his claim that he entered on a crewman's visa), Chitic had also failed to meet his burden of proving that he had not entered without inspection. See id. § 1229a(c)(2)(B). The Board of Immigration Appeals thus did not act inconsistently

---

[4] The Immigration Judge explained that he had sustained the entry without inspection charge because "the burden of proof [was] on" Chitic, and "he couldn't prove to me that he entered otherwise." But as the Immigration Judge further explained, with respect to cancellation of removal "the burden of proof is on him again to show he's eligible . . . . And at this point he's not carrying the burden of proof on that, either."

when it found that Chitic did not meet his burden of proving that he was eligible for cancellation of removal.

## IV.

For the foregoing reasons, we <u>deny</u> Chitic's petition for review.